UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. MARK,

        Plaintiff,

  v.

CATHY JESS, JAMES ZANON,
EMIL TONEY, LT. O'CONNOR,
LT. DOLL, MS. MCGINIS,
MS. VANDE VOORT, CAPTAIN KUSTER,
SGT. SCHLENSKE, SGT. SCHROEDER,
SGT. KINNARD, MS. GEESAMAN,
and JOHN/JANE DOES,

        Defendants.

Case No. 21-cv-1189-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

Plaintiff Jonathon Mark filed suit alleging that the defendants violated his constitutional rights when he was confined in a Wisconsin Department of Corrections (DOC) institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order resolves that motion and screens the complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which

---

[1] The plaintiff currently is not confined in prison and he was not a prisoner when he filed this case.

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's motion to proceed without prepaying the fee says that he is not employed, has no source of income and that his monthly expenses are about $340. Dkt. No. 2 at 2-3. Based on the information in the plaintiff's motion, the court concludes that he does not have the ability to prepay the filing fee and it will grant his motion to proceed without prepaying the filing fee.

The court advises the plaintiff that he still is liable for the full filing fee. Every person a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre-payment* of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis added); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

**II.     Screening of Complaint**

    A.     Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Plaintiff's Allegations

The plaintiff sues twelve defendants who work for the DOC: Cathy Jess, James Zanon, Emil Toney, Lt. O'Connor, Lt. Doll, Ms. McGinis, Ms. Vande Voort, Captain Kuster, Sgt. Schlenske, Sgt. Schroeder, Sgt. Kinnard and Ms. Geesaman. Dkt. No. 1 at 1-4. He also sues John/Jane Doe who works for the DOC. Id. at 3. The plaintiff alleges several unrelated violations of his constitutional rights. The court lists the incidents chronologically.

First, the plaintiff alleges that on March 19, 2020, Sgt. Schlenske, Ms. Geesaman, Ms. McGinis, Lt. O'Connor, Emil Toney and/or unknown staff retaliated against him for filing a complaint by placing him in temporary lock-up and issuing him a conduct report. Id. at 4, ¶¶1, 4, 6.

Second, the plaintiff alleges that between the dates of March 19, 2020 and April 8, 2020, Sgt. Schlenske issued him a baseless conduct report in retaliation for filing a complaint. Id. at 5, ¶7.

Third, the plaintiff alleges that on April 19, 2020, Sgt. Schroeder falsified information against the plaintiff in retaliation for his filing a complaint. Id. at 5, ¶11.

Fourth the plaintiff alleges that on April 21, 2020, Ms. Vande Voort retaliated against him for filing a complaint against her by placing him in temporary lock-up and issuing him a baseless conduct report. Id. at 5, ¶¶8-9.

Fifth, the plaintiff alleges that on May 11, 2020, Sgt. Kinnard falsified information against the plaintiff for filing complaints. Id. at 5, ¶12.

Sixth, the plaintiff alleges that on June 2, 2020, Ms. Vande Voort and Lt. Doll retaliated against him for filing a complaint by placing him in temporary lock-up. Id. at 5, ¶13. On the same date, Emil Toney allegedly retaliated against the plaintiff for filing complaints by placing him in temporary lock-up. Id. at 5, ¶14.

Seventh, the plaintiff alleges that from March 19, 2020 until about July 27, 2020, Oshkosh Correctional Institution staff including Sgt. Schlenske, Lt. O'Connor, Lt. Doll, Emil Toney, Cpt. Kuster, Sgt. Schroeder, Sgt. Kinnard, Ms. Vande Voort, Unknown PRC staff, James Zanon and Cathy Jess conspired to retaliate against him for filing complaints, helping other inmates with their criminal cases and educating other inmates on legal concepts, by having him transferred to another institution on July 28, 2020. Id. at 6, ¶¶19-20.

Eighth, the plaintiff alleges that Oshkosh has a custom or policy "of keeping major CR's at about 90% or higher" and he was a victim of this practice. Id. at 5, ¶15. He also alleges that Oshkosh has a practice where its

4

staff members predetermine the outcome of major conduct reports and that he was also a victim of this practice. Id. at 5, ¶16. The plaintiff states that Oshkosh has a practice of handing down guilty dispositions in major conduct report hearings. Id. at 6, ¶18. According to the plaintiff, Cpt. Kuster, Emil Toney, James Zanon and possibly Cathy Jess enforced this practice against him in major conduct report hearings. Id.

Ninth, the plaintiff alleges that Oshkosh allowed extreme heat in the restrictive housing unit, knew of the problem and did nothing to address it. Id. at 5, ¶17.

Tenth, the plaintiff alleges that on March 19, 2021, Lt. O'Connor, Emil Toney and Ms. McGinnis retaliated against him for filing a complaint by placing him in temporary lock-up and giving him a conduct report. Id. at 4, ¶¶2-3, 5.

For relief, the plaintiff seeks nominal, compensatory and punitive damages. Id. at 7.

C. Analysis

Over a two-week period between December 16, 2020 and January 7, 2021, the plaintiff filed seventeen lawsuits in the Eastern District of Wisconsin, all of which were assigned to this judge. Case Nos. 20-cv-1858, 20-cv-1859, 20-cv-1860, 20-cv-1861, 20-cv-1862, 20-cv-1863, 20-cv-1885, 20-cv-1886, 20-cv-1905, 20-cv-1906, 20-cv-1907, 20-cv-1908, 20-cv-1909, 20-cv-1910, 21-cv-23, 21-cv-24 and 21-cv-30. The court held a status conference on March 9, 2021, advising the plaintiff that this number of filings in such a short period was unusual, that some of the complaints were duplicative and that most did not state sufficient facts to state a claim. Mark v. Jodar, Case No. 20-cv-1858 at Dkt. No. 6, page 1. The plaintiff explained that he thought he had to file a separate lawsuit for each incident and that he'd been concerned that the court

5

Case 2:21-cv-01189-PP   Filed 09/06/22   Page 5 of 12   Document 7

would reject complaints that involved more than one claim or claims involving incidents that occurred on different dates. Id. "The court explained that the plaintiff could either combine multiple claims against the same defendant, or he could file a complaint addressing a single claim even if the claim covered several incidents, as long as it involved the same defendant or defendants." Id. at 1-2. The upshot of this hearing was that the court told the plaintiff that if, within thirty days, he reduced the number of cases he'd filed, the court would not require him to pay the filing fee in all seventeen cases; he'd be required to pay the fee only for those cases he did not ask to dismiss. Id. at 2. The plaintiff filed motions to dismiss in all seventeen cases, and the court dismissed all of them without requiring him to pay any filing fees.

The plaintiff since has filed two new cases, Mark v. Humphreys, *et al.*, Case No. 21-cv-1065 (filed on September 13, 2021) and this case, filed on October 13, 2021. The court greatly appreciates the plaintiff's efforts to reduce his cases from seventeen to two. Unfortunately, however, he has reduced his cases to such an extent that now the two new complaints suffer from the defect he told the court at the March 9, 2021 hearing that he was worried about—he has included multiple, unrelated claims against different defendants in the same complaints. The court realizes that this is confusing; filing a separate complaint for each individual incident against each individual plaintiff is expensive and clogs the court's docket, while combining lots of claims against lots of defendants into one case violates several procedural rules and Seventh Circuit law. But there is a happy medium, which the court will try to explain.

While it is acceptable for a plaintiff to bring multiple claims against a single defendant in a single case, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605,

6

Case 2:21-cv-01189-PP   Filed 09/06/22   Page 6 of 12   Document 7

607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Imagine that a plaintiff has one claim against Defendants A, B, C and D, and he has an unrelated claim against Defendants A, B, and E. He cannot bring both of those claims in the same lawsuit, even though both of them involve two common defendants. He could bring a single lawsuit alleging both claims against Defendants A and B—even though the claims are unrelated, they involve the same two defendants. OR he could bring two lawsuits—one alleging the claim against Defendants A, B, C and D, and a second one alleging the unrelated claim against Defendants A, B and E—even though the cases involve multiple defendants, they each involve only one claim.

An example from this case might help: The plaintiff has alleged that on March 19, 2020, Sgt. Schlenske, Ms. Geesaman, Ms. McGinnis, Lt. O'Connor, Capt. Toney and/or unknown staff conspired to retaliate against him for filing a complaint and that he was placed in temporary lock-up and given a conduct report because of it. Dkt. No. 1 at 4, ¶6. The plaintiff also brings individual allegations against each of those five individuals—Schlenske, O'Connor, Toney, Geesaman and McGinnis—for retaliating against him on March 19, 2020, resulting in his placement in TLU and his receipt of a conduct report. Id. at ¶¶1-5. So far, so good. The plaintiff may bring that claim against those five

7

defendants (and the unknown staff) because it arises out of the same incident—the March 19, 2020 placement in TLU and the issuance of the conduct report.

But then, the plaintiff shifts to a different incident, alleging that between March 19, 2020 and April 8, 2020, Schlenske issued a baseless and frivolous conduct report against him for filing a complaint. Id. at 5, ¶7. He then shifts again, alleging that on April 21, 2020, a different defendant—Ms. Vande Voort—retaliated against him for filing a complaint with her, resulting in his placement in TLU, and issued a baseless and frivolous conduct report against him in retaliation for his filing a complaint against a Sgt. Schroeder. Id. at 5, ¶¶8, 9. Then the plaintiff shifts yet again, asserting that on June 19, 2020, Toney (whom he'd included in the claim about the March 19, 2020 incident) issued a baseless and frivolous conduct report against him for filing a complaint. Id. at 5, ¶10. Later in the complaint, the plaintiff asserts other claims against Vande Voort and Toney.

The plaintiff could file a single lawsuit about the March 19, 2020 incident, naming the five defendants whom he says were involved in that incident. Or he could file a single lawsuit against Schlenske, including all the claims he has against Schlenske on any date, and file another single lawsuit against Vande Voort, including all the claims he has against Vande Voort on any date. But he can't do both of those things in the same lawsuit.

Also problematic is the fact that the plaintiff gives little information about what each defendant did. Let's take the March 19, 2020 incident. The plaintiff says that five people conspired to retaliate against him for filing a complaint and that he was placed in TLU and given a conduct report. He does not explain what complaint he filed or when. He does not explain how these five people

8

knew that he filed the complaint. He does not explain what makes him think these five people conspired with each other, and against him. He does not explain who ordered him to be placed in TLU. He does not explain who issued him the conduct report or what the conduct report said. It is possible that some of the seemingly unrelated claims in the plaintiff's complaint are related, but because he provides few facts about any of the incidents, the court can't make that determination. The plaintiff alleges that Oshkosh had a custom, practice or policy of keeping major conduct reports at 90% or higher and of having its staff predetermine the outcome of major conduct reports (in violation of his Due Process rights). Maybe he is asserting that every time one of the defendants issued a conduct report against him, or had him place in TLU, they were doing so as part of this policy or practice, but he does not explain that in the complaint or explain why he believes it to be true.

And while most of the allegations in the complaint are related to retaliation and conduct reports and being placed in TLU, one claim is utterly unrelated even to that broad theme—the plaintiff's claim that his Eighth Amendment rights were violated when Oshkosh allowed extreme heat and did nothing about it. That claim belongs in its own lawsuit, and needs more detail. When was the restricted housing unit extremely hot? Which Oshkosh staff members does the plaintiff believe knew about this extreme heat? Why does he believe they were aware of the extreme heat? How many times did he complain? To whom?

The complaint violates Rules 18 and 20 because it attempts to bring unrelated claims against multiple defendants. The court must reject the plaintiff's complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950,

952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Before the court steps in and decides for the plaintiff which claim(s)/defendants he may pursue in this case and which ones must be brought in separate lawsuits, the court will give the plaintiff an opportunity to make that decision himself. The plaintiff may, by the deadline set below, file an amended complaint that focuses on the related claim(s)—or on the defendant—of his choice. He may file an amended complaint against the five defendants involved in the March 19, 2020 incident and give details about that incident. Or, he may file an amended complaint against one of those defendants, including all the claims he has against that particular defendant. The plaintiff may file separate lawsuits to address whatever claims, or whatever defendants, he does not pursue in this lawsuit.

If by the deadline the court sets below, the plaintiff does not file an amended complaint consistent with the instructions in this decision, the court will allow the plaintiff to proceed *only* on a retaliation claim based on his allegation that on March 19, 2020, Sgt. Schlenske, Ms. Geesaman, Ms. McGinis, Lt. O'Connor and Emil Toney placed him in TLU and issued him a conduct report in retaliation for filing a complaint. It will not allow him to proceed on any other claims against these defendants or against any other defendants.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to

10

provide the court and each defendant with an explanation of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form and instructions. The plaintiff must write the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint, rather than repeating in the amended complaint any of the facts from the original complaint that are necessary to his claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order in time for the court to *receive* it by the end of the day on **September 30, 2022**. If the plaintiff does not file an amended complaint in time for the court to *receive* it by the end of the day on September 30, 2022, the court will allow him to proceed *only* on a retaliation claim that on March 19, 2020, Sgt. Schlenske, Ms. Geesaman, Ms. McGinis, Lt. O'Connor and Emil Toney placed him in TLU and issued him a conduct report in retaliation for filing a complaint; the court will not allow him to proceed on any other claims or against any other defendants in this lawsuit.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 6th day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**