UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                              Case No. 21-cv-1189-pp

EMIL TONEY, *et al.*,

                Defendants.

## ORDER SCREENING AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION FOR SCREENING ORDER (DKT. NO. 11)

Plaintiff Jonathon Mark filed this case alleging that the defendants violated his constitutional rights when he was confined in a Wisconsin Department of Corrections (DOC) institution,[1] dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 1, 2. The court granted the motion for leave to proceed without prepaying the filing fee. Dkt. No. 7. In the same order, the court screened the complaint under 28 U.S.C. §1915(e)(2)(B) and found that it violated Federal Rules of Civil Procedure 18 and 20 because it attempted to bring unrelated claims against multiple defendants. Dkt. No. 7 at 9. The court gave the plaintiff an opportunity to choose which unrelated claim he wanted to pursue in this case and to file an amended complaint that focused on the related claim(s) of his choice. Id. at 10. The plaintiff has timely filed an amended complaint. Dkt. No. 10. This order

---

[1] The plaintiff is not currently incarcerated, nor was he an incarcerated person when he filed this case.

screens the amended complaint. It also grants the defendants' motion for a screening order. Dkt. No. 11.

## I. Screening the Amended Complaint

### A. Standard for Screening Complaint

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting

2

Case 2:21-cv-01189-PP   Filed 01/27/23   Page 2 of 8   Document 12

screens the amended complaint. It also grants the defendants' motion for a screening order. Dkt. No. 11.

## I. Screening the Amended Complaint

### A. Standard for Screening Complaint

The court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(a) and 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting

under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Plaintiff's Allegations

The plaintiff has sued six defendants who work for the DOC at Oshkosh Correctional Institution (Oshkosh): Emil Toney, Carolyn Geesaman, Tammy McGinnis, Dennis O'Connor, Lt. Doll and Capt. Kuster. Dkt. No. 10 at 1-2. He also sues John/Jane Does who work for the DOC. Id. at 2.

The plaintiff alleges that the defendants followed a practice of "initiating the conduct report for a major rule violation, which in turn, initiates the TLU process, and then the major conduct report process, which in turn engages the 90% or higher guilt decision for a major [conduct report] in order to warehouse, transfer inmates and to retaliate against inmates[.]" Id. at 3. The plaintiff states that this process violated his due process rights because it "is for inmates who are considered 'trouble' (those who assert their rights and use the ICRS [Inmate Complaint Review System], among other reasons) inmates, whom [he] fell into." Id. at 3-4.

Next, the plaintiff alleges that the defendants conspired to retaliate against him for submitting informal grievance letters to staff about "possible staff misconduct[.]" Id. at 4. The plaintiff states that on March 19, 2020, he

3

saw the defendants reading and discussing a grievance he had submitted and that he was subsequently found guilty of a major conduct report. Id.

The plaintiff sues the defendants in their individual and official capacities. Id. at 5. He seeks monetary damages and injunctive relief. Id.

C. Analysis

The plaintiff's allegation that the defendants followed a practice of issuing a conduct report for a major rule violation that resulted in a high percentage of guilty findings after the "conduct report process" does not state a claim of a constitutional violation. The plaintiff states that this process is for incarcerated persons who are considered "trouble" (a group he asserts included him). But he has not alleged that he had any conduct reports initiated against him by any of these defendants for major rule violations, and his allegations admit that some process was afforded individuals against whom such reports were initiated. Perhaps the plaintiff believes that the defendants issued *false* conduct reports against him because he was vocal, or considered a troublemaker, but he has not alleged that. Perhaps he believes that they initiated false conduct reports against other incarcerated persons, but he does not have standing to raise claims on behalf of other persons. Perhaps the plaintiff admits that he committed some major rule violations but does not agree with the temporary lock-up or major conduct report processes; if so, he has not described what is unconstitutional about those processes. Nothing in these allegations states a claim that these defendants violated the plaintiff's right to due process, or any of his constitutional rights.

4

The plaintiff also alleges that the defendants conspired to retaliate against him. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

Grievances against prison officials fall within the First Amendment's protections. See Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020). And the plaintiff has adequately alleged that he suffered a deprivation likely to deter future First Amendment activity since he alleges that he was found guilty of a conduct report. See Beatty v. Henshaw, 826 F. App'x 561, 564 (7th Cir. 2020) (citations omitted). The plaintiff has not alleged, however, that his grievance was a motivating factor in the alleged retaliation. The plaintiff alleges that the defendants conspired to retaliate against him and that he was found guilty of a conduct report, but he does not allege that it was the *defendants* who found him guilty, nor does he allege that any defendant took any specific retaliatory action against him. The plaintiff has not stated a retaliation claim against the defendants.

The court will give the plaintiff an opportunity to file a second amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his second amended complaint. See Civil Local

5

Rule 9(b). (E.D. Wis.). The plaintiff must write the word "Second" at the top of page one above the line "<u>AMENDED</u> COMPLAINT." The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the second amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to the claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The second amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his second amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## II. Defendants' Motion for a Screening Order (Dkt. No. 11)

The court received the plaintiff's amended complaint on September 29, 2022. Dkt. No. 10. Just over thirty days later, the defendants filed a motion

6

Case 2:21-cv-01189-PP   Filed 01/27/23   Page 6 of 8   Document 12

asking the court to screen that complaint. Dkt. No. 111. The court is obligated to screen complaints filed by persons who are proceeding *in forma pauperis*. There is no need for defendants to file a motion asking the court to do so. The court wishes that it could issue screening orders days after it receives complaints, but in most instances, the court's docket and case load prevent it from acting so quickly. Nor is it clear why the defendants are in a rush to have the court screen the amended complaint; they are under no obligation to answer or respond until the court orders them to do so. The court will grant the motion, because it now has screened the amended complaint, but in the future the defendants may wish to conserve their resources and expend them when they are necessary.

### III. Conclusion

The court **GRANTS** the defendants' motion for screening order. Dkt. No. 11.

The court **CONCLUDES** that the plaintiff's amended complaint fails to state a claim. Dkt. No. 10.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to receive it by **February 17, 2023**. If the court receives a second amended complaint by the end of the day on February 17, 2023, the court will screen the second amended complaint as required by 28 U.S.C. §1915(e)(2). If the court does not receive either a second amended complaint or a request for

7

more time to file one by the February 17, 2023 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his amended complaint.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff also must advise the court if he moves or changes addresses; his failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 27th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**