UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                  Case No. 21-cv-1189-pp

EMIL TONEY, DENNIS O'CONNOR,
LT. DOLL, TAMMY MCGINNIS,
CAPTAIN KUSTER, JOHN/JANE DOES
and CAROLYN GEESAMAN,

                Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

Plaintiff Jonathon M. Mark, who is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was incarcerated at Oshkosh Correctional Institution,[1] dkt. no. 1; he also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The court screened the complaint under 28 U.S.C. §1915(e)(2)(B) and found that it violated Federal Rules of Civil Procedure 18 and 20 because it attempted to bring unrelated claims against multiple defendants. Dkt. No. 7 at 9. The court gave the plaintiff an opportunity to choose which unrelated claim he wanted to pursue in this case and to file an amended complaint that focused on the related claim(s) of his choice. Id. at 10. The plaintiff timely filed an amended complaint. Dkt. No. 10. The court screened the amended complaint and

---

[1] The plaintiff is not currently incarcerated, nor was he an incarcerated person when he filed the case.

1

concluded that it failed to state a claim that the defendants had violated the plaintiff's constitutional rights. Dkt. No. 12 at 7. The court gave the plaintiff the opportunity to file a second amended complaint, ordering that he must do so in time for the court to receive the second amended complaint by the end of the day on February 17, 2023. Id. The court warned the plaintiff that if the court did not receive a second amended complaint by the deadline, the court would dismiss the case based on the amended complaint's failure to state a claim. Id. at 7-8. The February 17, 2023 deadline has passed and the court has not received a second amended complaint. The court's January 27, 2023 order allowing the plaintiff to file a second amended complaint has not been returned to the court as undeliverable and the plaintiff has not notified the court of a change of address. As it said it would do in the January 27, 2023 order, the court will dismiss this case for failure to state a claim.

The court **DISMISSES** this case under 28 U.S.C. §1915(e)(2)(B) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**