JONATHON M. MARK,

                Plaintiff,

v.                                                        Case No. 21-cv-1189-pp

EMIL TONEY, DENNIS O'CONNOR,
LT. DOLL, TAMMY MCGINNIS,
CAPTAIN KUSTER, JOHN/JANE DOES
and CAROLYN GESSAMAN,

                Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND MOTION TO STAY (DKT. NO. 15)

      Plaintiff Jonathon Mark, who is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was incarcerated,[1] dkt. no. 1; he also filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The court screened the complaint under 28 U.S.C. §1915(e)(2)(B) and found that it violated Federal Rules of Civil Procedure 18 and 20 because it attempted to bring unrelated claims against multiple defendants. Dkt. No. 7 at 9. The court gave the plaintiff an opportunity to choose which unrelated claim he wanted to pursue in this case and to file an amended complaint that focused on the related claim(s) of his choice. Id. at 10. The plaintiff timely filed an amended complaint. Dkt. No. 10. The court screened the amended complaint and concluded that it failed to state a claim

---

[1] The plaintiff is not currently incarcerated, nor was he incarcerated when he filed the case.

that the defendants had violated the plaintiff's constitutional rights. Dkt. No. 12 at 7. The court gave the plaintiff the opportunity to file a second amended complaint, ordering that he must do so in time for the court to receive the second amended complaint by the end of the day on February 17, 2023. Id. The court warned the plaintiff that if it did not receive a second amended complaint by the deadline, the court would dismiss the case based on the amended complaint's failure to state a claim. Id. at 7-8. The plaintiff did not file a second amended complaint and on February 23, 2023, the court dismissed the case for failure to state a claim. Dkt. No. 13.

On March 23, 2023, the court received from the plaintiff a motion to reopen the case and stay proceedings. Dkt. No. 15. He states that he has been homeless since February 2021 and that since the beginning of this year he has been living in his vehicle. Id. at 1, 3. The plaintiff asserts that he worked at Hometown Transportation form February 2021 to September 2021, he worked at Quality Cab from November 2021 until November 2022 and he worked at Ala Roma's from December 2022 until January 17, 2023. Id. at 1. He says that he was let go from Quality Cab for something he didn't do, and he intends to file a complaint with the Department of Workforce Development (DWD) about it. Id. at 2. The plaintiff also states that while at Ala Roma's he observed unfair employment practices and possible criminal activity, that he filed complaints with his supervisor and that he intends to file a complaint with the DWD. Id. According to the plaintiff, he was fired from Ala Roma's solely because of the complaints he filed. Id. He says he had no money to contact the court and that

2

he remains homeless, broke and currently unemployed. Id. at 3. The plaintiff states that for these reasons he cannot prosecute this case and that he was unable to follow the court's directives. Id. He asks the court to reopen the case and stay the proceedings for ninety days, which will give him time to get a job, catch up on bills and buy materials necessary for the prosecution of this case. Id.

The defendants oppose the motion. Dkt. No. 16. They state that they are sympathetic to the plaintiff's situation, but note that he has not asserted any legal argument that the court erred in concluding that his complaint did not state a claim. Id.

The plaintiff did not cite any rule in support of his motion. See Civil Local Rule 7(a) (E.D. Wis.) ("Every motion must state the statute or rule pursuant to which it is made[.]"). The court construes the plaintiff's motion under Federal Rule of Civil Procedure 60(b),[2] which allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[2] The plaintiff filed his motion more than twenty-eight days after judgment was entered, so the court may not consider the motion under Federal Rule of Civil Procedure 59(e), which allows litigants to file a motion to alter or amend a judgment within twenty-eight days after the judgment is entered.

3

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The plaintiff asks the court to reopen the case, then stay it for ninety days, stating that he was unable to follow the court's directives because he had no money to contact the court. The motion does not allege that the court should grant him relief from judgment for the reasons set forth in 60(b)(1)-(5). This leaves only the "any other reason that justifies relief" provision of Rule 60(b). "Rule 60(b) vests wide discretion in courts, but [the Supreme Court] has held that relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.' *Gonalez v. Crosby* [ ], 545 U.S. [525,] at 535 [ (2005) ]." Buck v. Davis, 580 U.S. 100, 123 (2017). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' Liljeberg v. Health Serv's Acquisition Corp., 486 U.S. 847, 864 (1988)." Id.

The plaintiff has not demonstrated extraordinary circumstances. The plaintiff alleges that he has been homeless and mostly employed since 2021. Since April 2021, the has filed at least ten cases in this district and his motion to reopen describes other complaints he has filed or intends to file. The plaintiff's litigation history shows that he can follow the court's directions, even if he faces significant challenges. While the court sympathizes with the plaintiff's current situation, if he lacked funds to send the court a motion for

4

extension of time to file a second amended complaint before the deadline, he could have visited the courthouse in person and asked for help from the clerk's office. The plaintiff's difficulties do not constitute extraordinary circumstances sufficient to grant him relief from the court's judgment.

The court **DENIES** the plaintiff's motion to reopen case and motion to stay. Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**